UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | )   Criminal No. 04-0010 (PLF) |
| PAUL ASKEW, | ) |
|  | ) |
| Defendant. | ) |

MEMORANDUM OPINION

On June 16, 2005, the Court of Appeals remanded the record in this case for further proceedings in light of United States v. Coles, 403 F.3d 764 (D.C. Cir. 2005). Under Coles, such a remand is for the limited purpose of permitting the District Court to determine whether it would have imposed "a different sentence, materially more favorable to the defendant, had it been aware of the post-Booker sentencing regime." Id. at 771. See Booker v. United States, ---U.S. ---, 125 S. Ct. 738 (2005). Accordingly, on October 3, 2005, this Court ordered counsel for the parties to submit briefs setting forth their positions on resentencing. The Court has now received and considered those briefs.

The Court has reviewed the file in this case, including its April 13, 2004 Opinion on the Fourth Amendment issues, see United States v. Askew, 313 F.Supp.2d 1 (D.D.C. 2004); the plea agreement; the plea transcript; the Presentence Investigation Report; the sentencing transcript; the Judgment and Commitment, and the Court's Statement of Reasons. As defense counsel points out, the defendant requested the low end of the Sentencing Guideline range and,

pursuant to the plea agreement, the government did not oppose that request.  The Court found (without disagreement) that the applicable Guideline range was 33 to 41 months, making the low end 33 months.  Despite the parties' agreement on "the low end," the Court did not sentence the defendant to 33 months but rather to 36 months (closer to the middle of the range).  While the Court also recommended that the Bureau of Prisons admit the defendant to its 500-hour residential drug treatment program (which could have resulted in a BOP reduction of the sentence if the program was successfully completed), the Court and the parties recognized that this was only a recommendation and that it was quite possible that the BOP would not follow it.  The Court knew this when it imposed a 36-month sentence.

>   While there is a difficult Fourth Amendment issue in this case, there is no question that once that was resolved against the defendant the evidence against him was strong and no question that he in fact actually possessed the weapon.  His prior record also is significant:  convictions for concealing a deadly weapon, possession of PCP, another possession of PCP, attempted possession of cocaine, and possession of a firearm during a crime of violence or dangerous offense.  The sentence the Court imposed reflected its view of this criminal record, as well as the nature of the crime committed in the instant case.  The Court noted, for example: "[T]his is the second time that you've been convicted of a gun offense, and the first one was in the midst of a robbery."  June 29, 2004 Sentencing Transcript at 8.[1]  While the Court has serious

---

[1] The Court also was aware of the fact that the defendant was facing the probable revocation of his parole as a result of this conviction.  See June 29, 2004 Sentencing Transcript at 9.

disagreements with some of the post-Booker case law on which the government relies,[2] the Court fully agrees with the government that the sentence it imposed in this case was and remains appropriate. While Booker permits the Court to exercise its discretion and vary from the Guidelines in appropriate cases, this is a case in which the Guideline range of 33 to 41 months sets forth appropriate parameters for the crime involved. There is nothing in Mr. Askew's background to persuade the Court to vary from this Guideline range pursuant to 18 U.S.C. § 3553(a). The fact that the Court made a considered judgment pre-Booker to go above the low end of the Guidelines, despite the parties' agreement, implicitly makes that clear.

      In sum, the Court would not have imposed a different sentence in this case had it been aware of the post-Booker sentencing regime.

      SO ORDERED.

DATE: November 28, 2005

/s/_____
PAUL L. FRIEDMAN
United States District Judge

---

[2] The Court has, for example, expressed its disagreement with Judge Cassell's decision in United States v. Wilson, 350 F.Supp.2d 910, 914 (D. Utah 2005), and endorsed the analysis of both the Second Circuit in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) and Judge Gertner in United States v. Jaber, 362 F.Supp.2d 365 (D.Mass. 2005).